**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **MUHSIN MOHAMMED**<br>220 Woodbury Lane, Apt. 171<br>Winchester, Virginia,<br><br>Plaintiff,<br>v.<br><br>**UNITED AIRLINES, INC.**<br>233 S. Wacker Drive<br>WHQCT<br>Chicago, Illinois 60606,<br><br>Defendant.<br><br>**SERVE:**<br>Defendant's Registered Agent<br>**Corporation Service Company**<br>100 Shockoe Slip, Fl. 2,<br>Richmond, VA 23219-4100 | Case No. ________________<br><br>Jury Trial Demanded |

## **COMPLAINT**

Plaintiff Muhsin Mohammed, through counsel, hereby makes the following allegations against the Defendant.

## **NATURE OF THE ACTION**

1. This action is brought to redress unlawful employment discrimination on the basis of race (African American), and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended (Title VII), 42 U.S.C. §§ 2000e – 2000e-17, 1981a, Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the

Virginia Human Rights Act, as amended ("VHRA"), Va. Code §§ 2.2-3900 *et seq.*, and in support thereof Plaintiff states as follows:

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981. This Court also has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the VHRA.

3. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1963, as amended, 42 U.S.C. §§ 2000e-2000e-17, 1981a, Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Virginia Human Rights Act, as amended, Va. Code §§ 2.2-3900 *et seq*.

4. This Court has specific personal jurisdiction over Defendant in this judicial district pursuant to the Virginia Long Arm Statute, Va. Code § 8.01-328.1 (1, 2 & 3) for its conduct out of which Plaintiff's claims arise.

5. Venue is proper in this District for Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff reported to the Defendant's place of business at 23295 Autopilot Drive, Dulles, Virginia 20166, where the unlawful employment practices are alleged to have been committed, where, upon information and belief, employment records relevant to such practices are maintained and administered.

6. Venue is proper in this District for Plaintiff's claims under Title 1981 and the VHRA, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's

claims arose here. Defendant is resident in this judicial district under § 1391(c)(2) because there is personal jurisdiction over Defendant here.

## PARTIES

7. Plaintiff, Muhsin Mohammed, resides at 220 Woodbury Lane, Apt. 171 in Winchester, Virginia 22601.

8. At all times relevant to the alleged acts, Plaintiff was employed by United Airlines, Inc. ("United") at 23295 Autopilot Drive, Dulles, Virginia 20166. United is a corporation organized and existing under the laws of Delaware with a principal office located at 233 Wacker Drive, WHQCT, Chicago, Illinois 60606.

9. United provides air travel services in Virginia and elsewhere. According to its website, "United is officially the world's largest airline, connecting passengers to more than 390 destinations around the world and is the only U.S. legacy carrier serving more than 85 of these destinations; and United is the leading carrier across the Atlantic and Pacific, offering direct flights to international cities in Asia and Australia, Europe, Latin America, the Middle East and Africa. *See https://www.united.com/en/us/newsroom/corporate-fact-sheet.html#leader-bios.*

10. For all relevant times AWS was subject to Title VII, Section 1981, and the VHRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has exhausted his administrative remedies.

12. Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on July 30, 2026, which set forth the same factual allegations contained in this complaint in support of race discrimination and retaliation. A copy of his Charge is attached as Exhibit A hereto.

13. The EEOC issued Plaintiff a Notice of Right to Sue on August 4, 2026. A copy is attached hereto as Exhibit B. See also Va. Code § 2.2-3907(I) ("For any complaint or charge of discrimination for which the complainant has received a Notice of Right to Sue from the E.E.O.C, the general district court or circuit court having jurisdiction shall accept the E.E.O.C. Notice of a Right to Sue as a notice of the right to file a civil action under subsection H.").

14. Plaintiff's suit is timely filed with this Court.

## FACTUAL ALLEGATIONS

15. Plaintiff Mohammed is an African-American male.

16. On or around May 1, 2023, Plaintiff began his employment with United in the position of Aircraft Maintenance Technician.

17. On November 13, 2025, at around 5am, a supervisor named Richard Clements took a photo of a black African-American employee (Dominic Edusah) while he was resting during his unpaid lunch break. Based on the photo, Mr. Edusah was accused of sleeping on duty, consequently suspended and put under internal investigation.

18. During the investigations Mr. Edusah mentioned that sleeping during unpaid lunch break and also after completion of assigned work was a norm and commonplace at United. He provided Plaintiff's name as one of the witnesses who could be contacted to ascertain that indeed at the moment Mr. Clements took the photo of him, there were other employees in the same position around him and also it is a norm at the workplace for employees to rest during lunch break and also after completing assigned work.

19. However, none of Mr. Edusah's witnesses, including Plaintiff, were contacted during the investigation. After four months of investigations, United alleged that it could not substantiate any of his claims.

20. At this point Plaintiff submitted photos he took of twelve other employees also sleeping between February to April 2026, which he submitted to the investigator as evidence that sleeping during unpaid lunch break and after completion of assigned work was commonplace and an accepted norm.

21. As a result, Plaintiff was suspended for allegedly violating company photo policy. After about a month into his suspension, Plaintiff was offered a Return to Work Agreement. Plaintiff considered the terms of the agreement harsh and punitive, so Plaintiff had to take time to consider whether to sign. While he was considering it, Plaintiff's union representatives, particularly Bob Fisher, put enormous and unethical pressure on Plaintiff to sign the agreement. Though Plaintiff pointed out the unacceptable terms to United and his union, his concerns were not addressed entirely.

22. Consequently, management called Plaintiff for a meeting. At the meeting Plaintiff was threatened by management with termination for not signing the agreement. Management concluded at the meeting that they were going to terminate Plaintiff as he had not signed the agreement by the time of the meeting.

23. After a couple of days, on July 30, 2026, Plaintiff filed his Charge of Discrimination with the EEOC. based on race and retaliation against United. Plaintiff believed he was a victim of unlawful discrimination because at the time he was being punished for allegedly violating photo policy, two white employees had taken photos of black employees who were allegedly sleeping and those black employees were

terminated while the white employees who took the photos were protected and not disciplined.

24. However, in Plaintiff's case as a black employee, he was suspended for about a month and threatened with termination. When the EEOC charge got to United, the company immediately called Plaintiff to come back to work even without signing the agreement.

25. Plaintiff has since not been able to return to work because he is battling emotional distress due to the ordeal the United took him through. Also, Plaintiff considers his life endangered due to potential reprisal actions if he should return to the hostile workplace. He has since August 6, 2026, been on leave under Extended Leave Status Non-Occupational ("EISN") as he battles to recover from the ordeal meted out by United.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

DISCRIMINATION IN VIOLATION OF TITLE VII
(42 U.S.C. §§ 2000e-2000e-17, 1981a)

26. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

27. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) makes it unlawful to discharge or otherwise discriminate against any individual based on race with respect to compensation, terms, conditions, or privileges of employment.

28. Defendant is and continues to be an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

29. Plaintiff was an "employee" within the meaning of Title VII. 42 U.S.C. § 2000e(f).

30. Plaintiff, as an African American, is a member of the classes of citizens protected by Title VII. 42 U.S.C. § 2000e-2(a)(1).

31. Defendant was aware of Plaintiff's race, which was readily apparent.

32. Defendant knowingly and intentionally discriminated against Plaintiff because of his race.

33. At all relevant times, Plaintiff performed the functions of his job competently and was qualified for his position with Defendant.

34. Defendant discriminated against Plaintiff on the basis of race by suspending him for allegedly violating company photo policy by taking pictures of sleeping employees while white employees did the same thing and were not suspended or otherwise disciplined.

35. Defendant treated Plaintiff less favorably than his similarly non-Black, non-African-American counterparts.

36. Defendant discriminated against Plaintiff because of his race in violation of Title VII, through adverse employment actions carried out by his manager(s), supervisor(s), or other agents of the defendant.

37. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect his status otherwise adversely as an employee because of his race and color.

38. Plaintiff is entitled to participate in and be given the benefits of the employment.

39. Defendant was responsible for ensuring that Plaintiff was able to work void of discrimination.

40. But for Defendant's discrimination and harassment against Plaintiff, he would have advanced in his career.

41. Defendant is liable for the acts and omissions of its agents and employees.

42. Defendant engaged in discriminatory practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

43. The race-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's federally protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 2000e-5(g), 5(k); 1981a(b)(1), (2), (3); and 1988(b).

## SECOND CLAIM FOR RELIEF
RETALIATION IN VIOLATION OF TITLE VII
(42 U.S.C. §§ 2000e-2000e-17, 1981a)

44. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff was an "employee" within the meaning of the Title VII, 42 U.S.C. § 2000e(f), and Defendant was an "employer" within the meaning of the Title VII, *id*. § 2000e(b).

46. Plaintiff engaged in protected activity by complaining internally about discrimination. 42 U.S.C. § 2000e-3(a).

47. As outlined above, Defendant took actions in retaliation to Plaintiff's protected activities of internally reporting the discrimination in aiding the investigation into a co-worker's alleged violation of company policy.

48. Defendant engaged in retaliatory practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

49. As a direct and proximate result of Defendants retaliation in violation of Title VII, Plaintiff has suffered, and continues to suffer, damages, including, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff also seeks punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 2000e-5(g), 5(k); 1981a(b)(1), (2), (3); and 1988(b).

## THIRD CLAIM FOR RELIEF
RACE DISCRIMINATION
(42 U.S.C. § 1981)

50. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

51. The Civil Rights Act of 1866, as amended, prohibits intentional race-based discrimination in contractual relationships, including at-will employment relationships. 42 U.S.C. § 1981(a), (b). *See Edmonds v. McDonald's USA, LLC*, Civil Action No. 7:24cv00308, 2025 U.S. Dist. LEXIS 69715, at *7 ("[A]t-will employment relationships are contractual.") (citing *Springs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 2015)). Disparate treatment claims arising under Section 1981 are governed by the same legal standards as such claims arising under Title VII. *See Edmonds v.*

*McDonald's USA, LLC*, Civil Action No. 7:24cv00308, U.S. Dist. LEXIS, 67915, at *15 n.4 (W.D. Va. Apr. 9, 2025).

52. Plaintiff incorporates by reference herein the allegations supporting his Title VII claims of race discrimination as set forth in ¶¶ 30-42.

53. The race-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's federally protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 1981, 1988(b); *Cox v. Lightning Contract Servs.*, Civil Action No. 5:19-cv-00178, 2022 U.S. Dist. LEXIS 16891, at *7-10 (S.D. W. Va. Jan. 31, 2022) (citing *Johnson v. Ry. Exp. Agency, Inc.,* 421 U.S. 454, 459-60).

## FOURTH CLAIM FOR RELIEF
RETALIATION
(42 U.S.C. § 1981)

54. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

55. The Civil Rights Act of 1866, as amended, prohibits retaliation for complaints of race discrimination. 42 U.S.C. § 1981(a), (b). *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 450-51 (2008). The elements to establish a *prima facie* claim of retaliation under Section 1981 are the same as under Title VII. *See High v. Wells Fargo Bank*, Civil

Action No. 3:21cv81, 2023 U.S. Dist. LEXIS 43186, at *34-35 (E.D. Va. Mar. 14, 2023 (citations omitted).

56. Plaintiff incorporates by reference herein the allegations supporting his Title VII claims of retaliation as set forth in ¶¶ 46-48 herein.

57. As a direct and proximate result of Defendants retaliation in violation of Section 1981, Plaintiff has suffered, and continues to suffer, damages, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff also seeks punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 1981, 1988(b); Cox v. Lightning Contract Servs., Civil Action No. 5:19-cv-00178, 2022 U.S. Dist. LEXIS 16891, at *7-10 (S.D. W. Va. Jan. 31, 2022) (citing *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459-60).

## FIFTH CLAIM FOR RELIEF

Racial Discrimination under the Virginia Human Rights Act
(Va. Code §§ 2.2-3900 *et seq.*)

58. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

59. The definition of “Employer” provided in the VHRA for discrimination on the basis of race, Va. Code § 2.2-3905(A), is: “any person employing more than five persons or one or more domestic workers.”

60. Upon information and belief, for all relevant time periods, United employed more than five persons, and thus is an Employer as defined in Section 2.2-3905(A).

61. Plaintiff was an “Employee” under the VHRA. See Va. Code §§ 2.2-3905(A).

62. Va. Code § 2.2-3900(B) declares that:

> It is the policy of the Commonwealth to: 2. Safeguard all individuals within the Commonwealth from unlawful discrimination in employment because of race …; … 4. Further the interests, rights, and privileges of individuals within the Commonwealth;

63. Va. Code § 2.2-3902 declares that:

> Conduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of race … is an unlawful practice under this chapter.

64. Va. Code § 2.2-3905(B) declares that:

> It is an unlawful discriminatory practice for: 1. An employer to: a. Fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race … or … 6. Except as otherwise provided in this chapter, an employer to use … race … as a motivating factor for any employment practice, even though other factors also motivate the practice.

65. As Plaintiff's VHRA discrimination claims are based on the same facts as his Title VII claims and because the statutes are substantially the same, this Court should analyze the claims together under the same standards. *See Twine v. AT&T, Inc.*, 755 F. Supp. 3d 959, 971 & n.2 (E.D. Va. 2024) (citing cases; citations omitted).

66. Plaintiff incorporates by reference herein the allegations supporting his Title VII claims of race discrimination as set forth in ¶¶ 30-42 herein.

67. Pursuant to Va. Code ¶ 2.2-3908(B), in a lawsuit to enforce the provisions of the VHRA:

> If the court or jury finds that unlawful discrimination has occurred, the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary

> injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

68. Plaintiff has alleged and will prove at trial that Defendant discriminated against him in part on his race under Va. Code § 2.2-3905(B) by suspending him for the same acts that white employees took without receiving any suspension or discipline.

69. Plaintiff seeks the maximum relief allowed under Va. Code § 2.2-3908(B).

**SIXTH CLAIM FOR RELIEF**
Retaliation under the Virginia Human Rights Act
(Va. Code §§ 2.2-3900 et seq.)

70. Plaintiff hereby incorporates by reference Paragraphs Nos. 1-25 of this Complaint as if fully set forth herein.

71. The definition of "Employer" provided in the VHRA for retaliation on the basis of race, Va. Code § 2.2-3905(A), is: "any person employing more than five persons or one or more domestic workers."

72. Upon information and belief, for all relevant time periods, United employed more than five persons, and thus is an Employer as defined in Section 2.2-3905(A).

73. Plaintiff was an "Employee" under the VHRA. See Va. Code §§ 2.2-3905(A).

74. Va. Code § 2.2-3905(B)(7)(i) declares that:

> It is an unlawful discriminatory practice for: An employer to discriminate against any employees … because such individual has opposed any practice made an unlawful discriminatory practice by this chapter or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this chapter.

75. Because the VHRA uses almost identical language as Title VII's anti-retaliation provision, a VHRA retaliation claim is subject to the same legal analysis as a Title VII claim. *Dufort v. Liberty Univ.*, Civil Action No. 6:21cv00054, U.S. Dist. LEXIS 3424, at *16 (W.D. Va. Jan. 5, 2023).

76. Plaintiff incorporates by reference herein the allegations supporting his Title VII claims of retaliation as set forth in ¶¶ 46-48 herein.

77. Pursuant to Va. Code ¶ 2.2-3908(B), in a lawsuit to enforce the provisions of the VHRA:

> If the court or jury finds that unlawful discrimination has occurred, the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

78. Plaintiff has alleged and will prove at trial that Defendant retaliated against him under Va. Code § 2.2-3905(B)(7)(i) for Plaintiff's protected activities of internally reporting the discrimination in aiding the investigation into a co-worker's alleged violation of company policy.

79. Plaintiff seeks the maximum relief allowed under Va. Code § 2.2-3908(B).

**WHEREFORE,** Plaintiff respectfully requests:

A. On Counts I and II:

- Appropriate declaratory and injunctive relief;
- An award of damages and costs as may be proven at trial, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 2000e-5(g), 5(k); 1981a(b)(1), (2), (3); and 1988(b); and

- Any further relief that this court deems just and proper, and any other relief as allowed by law.

B. On Counts III and IV:

- Appropriate declaratory and injunctive relief;
- An award of damages and costs as may be proven at trial, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 1981, 1988(b); *Cox v. Lightning Contract Servs.,* Civil Action No. 5:19-cv-00178, 2022 U.S. Dist. LEXIS 16891, at *7-10 (S.D. W. Va. Jan. 31, 2022) (citing *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459-60); and
- Any further relief that this court deems just and proper, and any other relief as allowed by law.

C. On Counts V and VI:

- Appropriate declaratory and injunctive relief;
- An award of damages and costs as may be proven at trial, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action. Va. Code § 2.2-3908(B); and

- Any further relief that this court deems just and proper, and any other relief as allowed by law.

**TRIAL BY JURY DEMANDED**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues triable by a jury.

Respectfully submitted this 1st day of November 2026,

*<u>/s/ Richard S. Toikka</u>*
TOIKKA KRAFT LAW GROUP, LLP
Richard S. Toikka, VSB # 43666
rtoikka@wtk-law.com (email)
240-888-8110 (cell)
Abby Volin, pro hac vice pending
avolin@tkplawgroup.com
202-804-0638 x 2106 (direct)
1629 K Street, NW, Suite 300
Washington, DC 20006
202-508-3648 (office)
202-521-9803 (fax)

*Counsel for Plaintiff Muhsin Mohammed*